# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANDRE WINGO,
        Petitioner,

v.                                        Case No. 05C1333

JOHN HUSZ,
        Respondent.

## ORDER

On December 21, 2005, Andre Wingo filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that respondent wrongfully refused to release him on parole after service of two-thirds of his sentence, otherwise known as his "mandatory release" date.

Petitioner's claim is properly brought pursuant to 28 U.S.C. § 2254 rather than § 2241 because § 2254 is "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody," including claims that petitioner is being held in custody past his mandatory release date. Walker v. O'Brien, 216 F.3d 632, 633 (7th Cir. 2000); see also French v. Smith, No. 03C550C, 2003 U.S. Dist. LEXIS 24597, at *4-5 (W.D. Wis. Oct. 16, 2003) (stating that a challenge to the Wisconsin Department of Corrections's refusal to parole petitioner after serving two-thirds of his sentence is cognizable in a § 2254 action). As the Seventh Circuit explained in Walker, § 2254 applies if "the [petitioner] is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody

awaiting extradition, or other forms of custody that are possible without a conviction." Walker, 216 F.3d at 633.

However, before I recharacterize petitioner's filing as a § 2254 petition, I must notify petitioner that such recharacterization may bar him from asserting a habeas challenge to his state sentence at a later date. This is so because 28 U.S.C. § 2244(b) prohibits "second or successive" § 2254 petitions. See, e.g., Castro v. United States, 540 U.S. 385, 383 (2003) (stating that before a district court reclassifies a habeas petition under § 2254, it "must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent [§ 2254] motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [§ 2254] claims he believes he has"); Martin v. Overton, 391 F.3d 710, 713 (6th Cir. 2004) (holding that a court must give a petitioner notice before recharacterizing a § 2241 petition as a § 2254 petition). Thus, a petitioner must present all of his known claims in his first petition–he cannot attack his conviction in piecemeal fashion. See Rule 2(c)(1) of the Rules Governing Section 2254 Cases (stating that the petition must "specify all the grounds for relief").

Accordingly, petitioner shall notify the court within thirty (30) days of the date of this order if he consents to the recharacterization of his § 2241 petition as a § 2254 petition. If he consents to the recharacterization, petitioner may amend his petition to include additional claims alleging that his state court conviction and sentence were imposed in violation of the Constitution. Alternatively, petitioner may withdraw his petition.

2

Case 2:05-cv-01333-LA   Filed 03/08/06   Page 2 of 3   Document 4

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order, petitioner shall notify the court concerning his consent to the recharacterization of his § 2241 petition as a § 2254.

Dated at Milwaukee, Wisconsin, this 8 day of March, 2006.

/s_____
LYNN ADELMAN
District Judge