# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**ANDRE WINGO,**
       **Petitioner,**

    **v.**                               **Case No.  05C1333**

**JOHN HUSZ.**
       **Respondent.**

---

## <u>ORDER</u>

On December 21, 2005, Andre Wingo filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner alleged that respondent wrongfully refused to release him on parole after service of two-thirds of his sentence, otherwise known as his "mandatory release" date.  By order of March 8, 2006, I notified petitioner that his claims were properly brought pursuant to 28 U.S.C. § 2254 rather than § 2241, <u>Walker v. O'Brien</u>, 216 F.3d 632, 633 (7th Cir. 2000), and allowed petitioner to reclassify his petition and add additional claims.  On March 31, 2006, petitioner filed a motion to amend his habeas petition in order to bring it under § 2254.  In his amended petition, he also includes additional claims relating to his conviction in Milwaukee County Circuit Court of battery and third degree sexual assault.  His motion to amend will be granted.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.  Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. Because petitioner previously filed habeas petitions in 2003 and 2005, during this initial review, I must consider whether the instant petition is a "second or successive" petition pursuant to the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. § 2244(b). If it is not, I look to see whether petitioner has set forth cognizable constitutional or federal law claims.

The threshold question in this case is whether I must dismiss this petition because it is a "second or successive" petition pursuant to 28 U.S.C. § 2244. Section 2244(b) provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

AEDPA does not define the terms "second or successive," but courts have interpreted the concept as derivative of the "abuse-of-the-writ" doctrine developed in pre-

2

AEDPA cases. Hill v. State of Alaska, 297 F.3d 895, 898 (9th Cir. 2002) (collecting cases). "An 'abuse-of-the-writ' occurs when a petitioner raises a habeas claim that could have been raised in an earlier petition were it not for excusable neglect." Id. (citing McCleskey v. Zant, 499 U.S. 467, 493 (1991)). Thus, the fact that "a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.'" Id. (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Several circuits have held that "a prisoner's first petition challenging the calculation of [his] release date should not be deemed successive if the prisoner did not have an opportunity to challenge the state's conduct in a prior petition." Id.; Crouch v. Norris, 251 F.3d 720, 725 (8th Cir. 2001) (allowing petition challenging denial of parole despite previous collateral attack on conviction); see also Walker v. Roth, 133 F.3d 454, 455 (7th Cir. 1997) (holding that petition was not successive where it challenged petitioner's re-sentencing following successful habeas challenge to conviction).

In the present case, from the facts alleged, it does not appear that petitioner had the opportunity to challenge the state's actions in a prior petition. This is so because petitioner could not have known at the time of his 2003 petition that he would be held past his mandatory release date because the state would be unable to find an adequate residential placement for him. Nor could he have known of these circumstances at the time of his first 2005 petition. Thus, this petition is not a "second or successive" petition as to this claim. Moreover, petitioner's claim that he is being held past his mandatory release date states a ground for habeas relief. See French v. Smith, No. 03-C-550-C, 2003 U.S. Dist. LEXIS 24597, at *4-5 (W.D. Wis. Oct. 16, 2003) (citing Clark v. Thompson, 960 F.2d 663, 664-65 (7th Cir. 1992); Walker v. Prisoner Review Bd., 694 F.2d 499, 501 (7th Cir. 1982)).

3

However, with respect to petitioner's other claims, including that his conviction violated his double jeopardy rights and he received ineffective assistance of counsel at trial and on appeal, I conclude that they must be dismissed under § 2244(b)(1) because they were presented in the 2003 habeas petition. See Wingo v. Frank, No. 03-CV-0316 (E.D. Wis. Apr. 15, 2003) (petition).

**THEREFORE, IT IS ORDERED** that petitioner's motion to amend his petition is **GRANTED**.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and

4

(2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply:  briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent John Husz and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI  53707.

Dated at Milwaukee, Wisconsin, this 10 day of April, 2006.


/s_____
LYNN ADELMAN
District Judge