# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANDRE WINGO,**
      **Petitioner,**

    v.                                     Case No. 05C1333

**JOHN HUSZ,**
      **Respondent.**

## ORDER

On December 21, 2005, Andre Wingo filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Subsequently, I concluded that petitioner's claims that his conviction violated his double jeopardy rights and that he received ineffective assistance of counsel at trial and on appeal must be dismissed because they were presented in his 2003 habeas petition. See 28 U.S.C. § 2244(b) (stating that claims presented in a second or successive habeas corpus application that were presented in a prior application shall be dismissed); see also Wingo v. Frank, No. 03-CV-0316 (E.D. Wis. Apr. 15, 2003) (petition). However, I allowed petitioner to proceed on his claim that the state is wrongfully incarcerating him past his mandatory release date.

On May 9, 2006, petitioner filed a motion to reconsider my dismissal of his double jeopardy and ineffective assistance claims. He argues that these claims were previously dismissed for failure to exhaust and thus he should be allowed to proceed on these claims. See Slack v. McDaniel, 529 U.S. 473, 487-88 (2000) (holding that dismissal of a petition for failure to exhaust does not bar subsequent petition). However, a review of the record indicates that these claims were dismissed with prejudice because the one-year statute of

limitations had expired. Accordingly, my conclusion that petitioner may not proceed on his double jeopardy and ineffective assistance claims was correct, and I will deny petitioner's motion to reconsider. See, e.g., Murray v. Greiner, 394 F.3d 78, 79 (2d Cir. 2005) (stating that a dismissal of a § 2254 petition for tardiness under § 2244(d)(1) renders future challenges to the same conviction under § 2254 second or successive).

**THEREFORE, IT IS ORDERED** that petitioner's motion to reconsider (Docket # 11) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 5 day of June, 2006.

/s_____
LYNN ADELMAN
District Judge