# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ANDRE WINGO,**
       **Petitioner,**

    **v.**                             **Case No. 05C1333**

**JOHN HUSZ,**
       **Respondent.**

---

## ORDER

Andre Wingo, a Wisconsin state prisoner, brought this habeas petition alleging three claims. I previously dismissed two of them, his double jeopardy and ineffective assistance claims, under 28 U.S.C. § 2244(b)(1) because he presented them in a 2003 habeas petition.[1] Wingo asked me to reconsider, and I denied his motion. He again asks me to reconsider. I decline to do so. Judge Stadtmueller dismissed Wingo's 2003 petition with prejudice because, among other things, it was time barred. In the 2003 petition, Wingo raised his double jeopardy and ineffective assistance claims, thus as to those claims his present habeas petition is second or successive. See Littlejohn v. Artuz, 271 F.3d 360 (2d Cir. 2001) (stating that before a petition can be regarded as successive, there must be a prior adjudication on the merits or a dismissal with prejudice).

As to Wingo's third claim, that he is being detained beyond his mandatory release date, respondent moves to dismiss because he has not exhausted his state remedies. Wingo has to fully and fairly present his claim to the state courts before a federal court can

---

[1]Wingo has appealed my decision. However, because I did not dismiss the entire case, his appeal is from an interlocutory decision and does not affect my jurisdiction.

consider its merits in a habeas case. <u>Woodford v. Ngo</u>, 126 S. Ct. 2378, 2382 (2006); <u>Bintz v. Bertrand</u>, 403 F.3d 859, 863 (7th Cir. 2005). As of now, he has not presented this claim to the state court of appeals or the state supreme court. Therefore, as to this claim, I will grant respondent's motion.

Therefore,

**IT IS ORDERED** that petitioner's motion to reconsider his double jeopardy and ineffective assistance claims is **DENIED**;

**IT IS FURTHER ORDERED** that respondent's motion to dismiss petitioner's claim that he was detained beyond his mandatory release date for failure to exhaust is **GRANTED**, and this case is **DISMISSED**. As to petitioner's claim that he is being detained beyond his mandatory release date, the dismissal is without prejudice.

Dated at Milwaukee, Wisconsin this 20 day of July, 2006.


/s_____
LYNN ADELMAN
District Judge

2