# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANDRE WINGO
        Petitioner,

        v.                                        Case No. 05C1333

JOHN HUSZ and MARK KLUCK,
        Respondents.

## ORDER REGARDING CERTIFICATES OF APPEALABILITY

On July 10, 2006, habeas petitioner Andre Wingo filed a notice of appeal of my dismissal of two of his claims as second or successive. On August 14, 2006, petitioner filed a notice of appeal of my subsequent dismissal of the remainder of his habeas case for failure to exhaust.

Before petitioner may take his appeals to the Seventh Circuit, I must consider whether to grant him certificates of appealability pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). Although petitioner has not formally requested that I issue certificates of appealability for either of his appeals, Fed. R. App. P. 22(b)(1) provides that if a petitioner files a notice of appeal, the district judge must either issue a certificate or state why a certificate should not issue. See also Slack v. McDaniel, 529 U.S. 473, 483 (2000). In this order, I address both of petitioners' notices of appeal in this case.

### A. Certificate of Appealability Standard

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard

1

for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). If a court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. See 28 U.S.C. § 2253(c)(3).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

**B.     Interlocutory Appeal of April 10, 2006 Order Dismissing Claims**

Setting aside the interlocutory nature of this appeal, petitioner's claims that his conviction violated his double jeopardy rights and that his counsel was insufficient at his trial and on direct appeal do not deserve encouragement to proceed further. My determination that these claims are second and successive is not debatable among jurists of reason.

On April 10, 2006, I dismissed as second or successive petitioner's claims that his conviction violated his double jeopardy rights and that he received ineffective assistance of counsel at trial and on appeal. See 28 U.S.C. § 2244(b) (stating that claims presented in a second or successive habeas corpus application that were presented in a prior application

2

shall be dismissed); see also Wingo v. Frank, No. 03-CV-0316 (E.D. Wis. Apr. 15, 2003) (petition). In a 2003 petition for habeas corpus, petitioner had raised his double jeopardy and ineffective assistance claims. Judge Stadtmueller dismissed the 2003 petition with prejudice because, among other things, it was time barred. Thus, I dismissed these claims as second or successive. See Littlejohn v. Artuz, 271 F.3d 360 (2d Cir. 2001) (stating that before a petition can be regarded as successive, there must be a prior adjudication on the merits or a dismissal with prejudice).

For the same reasons as set forth in my April 10, 2006, Decision and Order and for the reasons set forth above, these claims were properly dismissed as second and successive. I do not believe jurists of reason would differ as to this matter and I do not believe these issues should proceed further.

**C.      Appeal of July 20, 2006 Order Dismissing Case**

The remaining issue raised by petitioner in his habeas petition – his confinement beyond his "mandatory release date" – does not deserve encouragement to proceed further. My determination that petitioner failed to exhaust his state court remedies is not debatable among jurists of reason.

On July 20, 2006, I dismissed petitioner's final claim that he was detained beyond his mandatory release date, dismissing his case against respondents, because petitioner had failed to exhaust his state remedies on this issue. Petitioner must fully and fairly present his claim to the state courts before a federal court can consider its merits in a habeas case. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006); Bintz v. Bertrand, 403 F.3d 859, 863 (7th

Cir. 2005). As of now, petitioner has not presented this claim to the state court of appeals or the state supreme court.

For the same reasons as set forth in my July 20, 2006, Decision and Order and for the reasons set forth above, petitioner has not shown that he has exhausted his state remedies as to his final issue. I do not believe jurists of reason would differ as to this, and I do not believe this issue should proceed further until petitioner exhausts state remedies.

Therefore,

 **IT IS ORDERED** that petitioner's implied request for a certificate of appealability of my April 10, 2006, Order is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's implied request for a certificate of appealability of my July 20, 2006, Order is also **DENIED**.

Dated at Milwaukee, Wisconsin, this 5 day of September, 2006.

/s_____
LYNN ADELMAN
District Judge